IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No. 11-14 |
| | ) | Judge Nora Barry Fischer |
| GEORGE KUBINI, DOV RATCHKAUSKAS, SANDRA SVARANOWIC, ARTHUR SMITH | ) ) ) ) | |
| Defendants. | | |

## ORDER OF COURT

AND NOW, this 22nd day of March, 2016, upon consideration of the Government's Motion for Leave of Court to Add Witnesses and Exhibits to Witness List and Exhibit List, (Docket No. [550]), Arthur Smith's Response in opposition thereto, (Docket No. [557]), the Government's Reply, (Docket No. [559]), and Arthur Smith's Sur-Reply, (Docket No. [563]),

IT IS HEREBY ORDERED that said Motion [550] is DENIED, without prejudice. In so holding, the Court notes that the Government has not established "good cause" for failing to include the proffered witnesses and exhibits by the Court's deadline of January 20, 2016 to list all witnesses and exhibits for introduction at the ongoing joint hearing on disputed enhancements as to all of the codefendants in this case. The Court reaches this decision for several reasons.

First, the proffered evidence is relevant to Smith, only and not his codefendants, making the presentation of this additional evidence at the ongoing joint hearing unnecessary as to the codefendants. Second, Smith's objections to the PIR and the application of the enhancement under Guideline § 3B1.3 for abuse of trust/use of special skill have been pending since **July 29, 2015**, and the Court's Order setting forth the January 20, 2016 deadline was entered on **December 10, 2015**, providing Government counsel with more than sufficient time to determine what

witnesses and exhibits were necessary for presentation at this joint hearing. (*See* Docket Nos. 454, 525). Third, the Court finds Government counsel's explanation unpersuasive that he now believes additional evidence is necessary to prove the enhancement under an alternative theory vis-à-vis Smith's alleged conduct toward the title insurance company over what counsel at the same time describes as a "frivolous" objection lodged by Smith to the enhancement. (*See* Docket No. 550 at n.1 ("Smith's objection to the Abuse of Position of Trust enhancement is, in the government's view, frivolous.")). Fourth, both the Government and Smith suggest that the Court has sufficient information to rule on the application of the enhancement as to Smith's position vis-à-vis the lenders in this case, as the Court has done in past cases involving objections to the enhancements made by closing attorneys/closing agents. *See e.g., United States v. Sporrer*, Crim. No. 09-311, Docket No. 63 at 2-5 (W.D. Pa. Apr. 14, 2011) (overruling objection to the § 3B1.3 enhancement by closing attorney); *United States v. Slane*, Crim. No. 11-81, Docket No. 211 at 25-29 (W.D. Pa. Nov. 8, 2013) (overruling objection to the § 3B1.3 enhancement by closing agent); *Cf. United States v. Steiner*, Crim. No. 12-257, Docket No. 19 (W.D. Pa. Mar. 6, 2013) (closing attorney and government stipulated to the applicability of the § 3B1.3 enhancement).

Finally, the Court believes that the probative value of the proffered evidence is low as it concerns any presentation of same at the joint hearing and this limited value is also substantially outweighed by the danger that it will waste time, result in the needless presentation of cumulative evidence and further delays in these protracted proceedings. *See United States v. Pena*, 407 F. App'x 589, 590 (3d Cir. 2011) (citing *United States v. Olhovsky,* 562 F.3d 530, 543 (3d Cir. 2009)) ("A district court's decision to admit or exclude evidence at sentencing is reviewed for abuse of discretion. "); *see also* FED. R. CRIM. P. 32(i)(2) ("The court <u>may</u> permit the parties to introduce evidence on the objections.") (emphasis added); *Cf.* FED. R. EVID. 403 ("The court may exclude

relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

For these reasons, the Government's Motion [550] is DENIED. Such Order is without prejudice to the Government seeking to introduce the proffered evidence at a later hearing involving Smith only, to the extent it is relevant to the § 3553(a) factors. Any objections to same by Smith will be heard and resolved in the context of those proceedings.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

Arthur Smith c/o Stephen Stallings, Esq.

U.S. Probation Office