# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No. 11-14 |
| | ) | Judge Nora Barry Fischer |
| GEORGE KUBINI, DOV RATCHKAUSKAS, SANDRA SVARANOWIC, ARTHUR SMITH | ) ) ) ) | |
| Defendants. | | |

## ORDER OF COURT

AND NOW, this 29th day of July, 2016, upon consideration of Defendant Dov Ratchkauskas' Motion to Strike Portions of Testimony of Tawnya McCabe, (Docket No. [606], [608]), the Government's Response thereto, (Docket No. [609]), the parties' prior briefing on the related motion filed by the Government that was denied by the Court, (Docket Nos. [580], [584], [587], [598], [602]), the transcript of the proceedings on November 10, 2015, (Docket No. [542]), the exhibits admitted during the restitution/sentencing enhancement hearing, and the documents subsequently obtained from Ms. McCabe's bankruptcy case at Docket No. 13-22651 (Docket No. 608),

IT IS HEREBY ORDERED that Ratchkauskas' Motion [606] is GRANTED, and the following sections of Ms. McCabe's November 10, 2015 testimony are STRICKEN from the record: 89:2-16; 91:15-18; 130:10-131:10; 133:22-134:13.

In so holding, the Court notes that the application of several legal principles as well as the procedural status of this matter require the challenged testimony of Ms. McCabe to be stricken from the record. To this end, the Court is tasked with weighing the credibility of the evidence presented by the parties at sentencing. *See United States v. Perez*, 386 F. App'x 301, 304 (3d Cir.

1

2010) (citations omitted).   The resolution of factual disputes is governed by the preponderance of the evidence standard.  *See United States v. Fisher*, 502 F.3d 293, 304-05 (3d Cir. 2007); *see also* U.S.S.G § 6A1.3, comm. n. ("use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of guidelines to the facts of a case.").  Further, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).  It is axiomatic that materially false information is unreliable and may not otherwise be considered by the Court in arriving at sentencing decisions regarding the computations of the advisory guidelines range.  *See e.g.*, *United States v. McDowell*, 888 F.2d 285, 290 (3d Cir. 1988) ("Due process does guarantee a convicted criminal defendant the right not to have his sentence based upon 'materially false' information.") (citation omitted); *United States v. Salinas*, 365 F.3d 582, 586–87 (7th Cir. 2004) ("a guidelines range based on false evidence can certainly constitute clear error").

The potential introduction of false testimony during sentencing proceedings also implicates the ethical responsibilities of prosecutors.  In this regard, the United States Court of Appeals for the Third Circuit has recognized that:

> the prosecution's duty to disclose false testimony should not be "narrowly and technically limited to those situations where the prosecutor knows that the witness is guilty of the crime of perjury." Rather, "when it should be obvious to the Government that the witness' answer, although made in good faith, is untrue," it has an obligation to correct that testimony.

*United States v. Stadtmauer*, 620 F.3d 238, 268 (3d Cir. 2010) (quoting *United States v. Harris*, 498 F.2d 1164, 1168-69 (3d Cir. 1974)).  Further, "the Government's obligation to correct that

2

statement is as compelling as it is in a situation where the Government knows that the witness is intentionally committing perjury." *Harris*, 498 F.2d at 1169.

In this Court's estimation, as the Government has conceded that the challenged portions of Ms. McCabe's testimony concerning the character and nature of her loans terms are unsupported and untrue, the Court must find that her testimony on these points is unreliable, incredible and may not be utilized by the Government during the course of these sentencing enhancement proceedings as supportive of the vulnerable victim enhancement or otherwise. (*See* Docket No. 609 at 6 ("Ms. McCabe apparently believes that the rate was either variable from the outset, or that the rate at some point thereafter switched to variable. The government has no evidence to support Ms. McCabe's beliefs.")). Additionally, the Court does not share the Government's view that the Court could not find that Ms. McCabe committed perjury because it is well settled that the mere fact that some of her factual testimony concerning her loan is qualified by the word "belief" does not preclude a finding of perjury. *See e.g., United States v. Ronda*, 455 F.3d 1273, 1294 (11th Cir. 2006) (citation omitted) ("a witness's false sworn statement about the witness's knowledge and beliefs can support a perjury conviction."). In any event, the Court of Appeals has made clear that the prosecutor's duty to correct the record does not require an explicit finding of perjury but extends to situations such as this one where it is now obvious to everyone that the testimony is false. *See Stadtmauer*, 620 F.3d at 268. This Court likewise has a responsibility to not rely upon materially false information to support a sentencing enhancement or compute a defendant's advisory guidelines range and therefore must strike materially false evidence from the record. *See McDowell*, 888 F.2d at 290.

It is also this Court's opinion that counsel for the Government should have known the true facts concerning Ms. McCabe's loan at the time of the hearing on November 10, 2015 as they were

3

easily ascertainable from the publicly available Bankruptcy Court records, the docket information for which was set forth on the Government's own exhibits, (*see* Docket No. 461-1, Govt Ex. "A"), or could have otherwise been obtained by Government counsel from representatives of the lender, J.P. Morgan Chase, as that entity has actively cooperated in this investigation and prosecution. Indeed, J.P. Morgan Chase submitted numerous documents to the Bankruptcy Court plainly demonstrating that Ms. McCabe's loan terms remained the same after the closing, including that her loan continued to be a conventional fixed rate loan, at 7.125%, even after a loan modification was entered into in 2014 with the approval of the Bankruptcy Court. (*See* Docket No. 608). Overall, it would be fundamentally unfair for the Court to permit the Government to rely upon Ms. McCabe's answers to questions that counsel for the Government never should have asked in the first place or, if such information was offered voluntarily by the witness, it should have been immediately corrected at the time of the hearing. *See Stadtmauer*, 620 F.3d at 268. Finally, striking the testimony is the only available option because the record of these proceedings has closed and Ms. McCabe cannot now be cross-examined with the documents obtained from the Bankruptcy Court. Accordingly, the Court will strike the challenged portions of her testimony.

It is so ordered.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record
      U.S. Attorney David J. Hickton
      First Assistant U.S. Attorney Soo Song
      Assistant U.S. Attorney Stephen R. Kaufman, Criminal Chief
      Arthur Smith c/o Stephen Stallings, Esq.
      Dov Ratchkauskas c/o David Berardinelli, Esq.
      George Kubini c/o Robert Stewart, Esq.
      Sandra Svaranowic c/o William Kaczynski, Esq.
      U.S. Probation Office